The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Wanda Blanche Taylor. Oral arguments were waived by Order of Chairman J. Howard Bunn, Jr. The appealing party has shown good ground to reconsider the evidence. Upon reconsideration of the evidence of record, the Full Commission reverses the prior Decision and Order and enters the following Decision and Order.
 *************
The Full Commission finds as fact and concludes as matters of law the following, which was entered into by the parties at the hearing on 6 March 1997 as:
 STIPULATION
The date of the alleged negligent act giving rise to this claim is 8 December 1994.
 *************
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff brings this claim alleging that defendant damaged his personal property which was in its custody and had failed to fully compensate him for the same.
2. On 8 December 1994, plaintiff was in the custody of the North Carolina Department of Corrections. On that date, he was transferred to the Great Plains Correctional facility in Hinton, Oklahoma. As part of this transfer, plaintiff was required to inventory his personal property and to give his property to defendant for shipment to the Great Plains facility.
3. Prior to his transfer, plaintiff had listed a necklace and ring on his personal property inventory sheet.
4. Upon inspection of his property after arriving at the Great Plains facility, plaintiff found that his necklace and ring had been damaged. When plaintiff discovered this damage, plaintiff filed a grievance requesting proper compensation.
5. While in possession of plaintiff's personal property, defendant was under a duty to exercise reasonable care in preventing damage to this property.
6. In response to plaintiff's grievance, defendant determined that plaintiff's property had been damaged while in its custody and paid damages to plaintiff in the amount of $135.00. Defendant's determination in this regard amounts to an admission of negligence and liability.
7. Defendant contends that the amount paid to plaintiff equals the value he assigned to the necklace and ring on his inventory sheet. Defendant contends that plaintiff assigned a $75.00 value to the ring and a $60.00 value to the necklace.
8. Due to a clerical error, defendant's response and payment to plaintiff indicates that he was being reimbursed $60.00 for damage to a watch, instead of a necklace. This amount was intended to compensate plaintiff for the damage to his necklace. This clerical error was corrected by defendant and plaintiff has not made a claim for any damages to a watch.
9. At the hearing on 6 March 1997, a personal property inventory sheet dated 9 March 1990 was admitted into the record and marked as Plaintiff's Exhibit (1). This inventory sheet lists the value of plaintiff's necklace at $70.00. This amount is $10.00 more than the $60.00 amount already paid by defendant for damage to an item mistakenly identified as plaintiff's watch. As noted above, this prior payment of $60.00 was intended to cover damage to plaintiff's necklace.
10. Based upon the evidence of record, plaintiff has not been fully reimbursed for the damage to his necklace, valued at $70.00, which occurred while in the custody of defendant.
 *************
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
1. Based on its response to plaintiff's grievance, defendant has admitted liability for the damage to plaintiff's personal property which occurred while it was in its custody. G.S. § 143-291 et seq.
2. Plaintiff has not been fully compensated for the damage to his personal property and is entitled to an additional $10.00 based on the correct value of his necklace. Id.
 *************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Defendant shall pay to plaintiff additional damages in the amount of $10.00.
2. Defendant shall pay the costs.
 S/ ________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
S/ ______________________ DIANNE C. SELLERS COMMISSIONER